SAM DE JOHN v. THE STATE.

No. 12681.    Delivered October 30, 1929.

The opinion states the case.

*William H. Scott* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The testimony in this record amply supports the judgment of guilty. The record contains but one bill of exceptions in which appears complaint of the fact that after the jury had retired there was some doubt in their minds as to the fact of there being three counts in the indictment, and a note was written to the judge of the trial court asking him if they were to consider all the counts in the indictment. The trial judge wrote on the back of the note "You will follow the court's charge," and sent it back to the jury room. In the court's charge he instructed the jury that the accused stood charged with the offense of manufacturing intoxicating liquor, to which he had pleaded guilty, and that under his plea of guilty and

the testimony it was their duty to find him guilty as charged and assess his punishment at confinement in the penitentiary for any terms of years not less than one nor more than five. Count one of the indictment charged the appellant with the manufacture of intoxicating liquor. The judgment and sentence adjudged him guilty, and sentenced him for said offense. The punishment given him was the lowest allowed by statute. We do not care to enter into a discussion of whether the action of the court in writing to the jury what he did, without the consent of the accused, or a hearing upon the matter, without the presence of the accused, would be a technical violation of the law or not. The action of the court was not in exact conformity to the statute. The accused pleaded guilty. He was given the lowest penalty. There is no possibility of injury in the matter.

The judgment will be affirmed.

*Affirmed.*